Lauriat, J.
The plaintiffs, Thomas O’Brien and Edward O’Malley, individually and as representatives of the Metropolitan Bay Transportation Authority (“MBTA”) Police Patrol Officer’s Association and the MBTA Police Sergeant’s Association, have brought this action seeking declaratory and injunctive relief as to the legality and constitutionality of the provisions the MBTA’s new Drug and Alcohol Testing Program (“1995 Program”), as applied to the MBTA police patrol officers and sergeants. The 1995 Program is scheduled to commence on April 10, 1995.[1] The plaintiffs have requested that the court preliminarily enjoin the MBTA from enforcing the 1995 Program as to MBTA police patrol officers and sergeants. For the reasons which follow, the plaintiffs’ motion for preliminary injunction is allowed.
BACKGROUND
In 1994, the Federal Transit Administration (“FTA”) promulgated new drug and alcohol testing regulations which became effective on January 1, 1995. This program was mandated by Congress in P.L. 102-143, Title V, Omnibus Transportation Employee Testing Act of 1991 (“the Federal Act"), and the implementing regulations were issued by the U.S. Department of Transportation and the Federal Transit Administration. Eligibility for funds administered by the FTA and the U.S. Department of Transportation is conditioned upon compliance with these regulations. The FTA regulations provide for the involuntary random testing of “safely sensitive” employees for drugs and alcohol without probable cause or reasonable suspicion.
By letter dated November 22, 1994, the MBTA notified the plaintiffs that it intended to revise its drug and alcohol testing policy to incorporate the new FTA regulations. The MBTA included a draft of the proposed 1995 Program in this letter. The letter further indicated that, in accordance with the new FTA regulations, police patrol officers and sergeants would, for the first time, be subjected to random testing for alcohol and drugs.
By letter dated January 4, 1995, the MBTA notified its employees, including its police patrol officers and sergeants, that it planned to implement the new FTA regulations approximately thirty days from the date of the letter. At some point after January 4, 1995, the MBTA distributed a finalized copy of its 1995 Program to the plaintiffs.
By letter dated February 1, 1995, the plaintiffs protested the unilateral implementation of the FTA regulations and alleged that the MBTA had violated G.L.c. 161A, §19 which required the MBTA to bargain over working conditions. By memorandum dated February 10, 1995, the MBTA advised the plaintiffs that, as of April 1, 1995, they would be included in the random pool for drug and alcohol testing.
The plaintiffs contend that the 1995 Program, as applied to members of the MBTA police department, violates Article 14 of the Massachusetts Declaration of Rights and is in contravention of the holding of Guiney v. Police Commissioner of Boston, 411 Mass. 328 *534 (1991). The plaintiffs further contend that the MBTA has improperly failed to negotiate the terms of its 1995 Program in violation of G.L.c. 161A, §19, which requires the MBTA to bargain over terms and conditions of employment. In the alternative, the plaintiffs assert that, even if the 1995 Program is not prima facie unconstitutional, it improperly goes beyond the bounds of the FTA policy.
DISCUSSION
In order for a preliminary injunction to issue, the plaintiff must demonstrate his likelihood of success on the merits and a need for injunctive relief that rises to the level of a substantial risk of irreparable harm. The Court must then balance that risk, assuming it exists, against any similar risk of irreparable harm which granting the injunction would create for the opposing party. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). And where, as here, the issue involves a public authority, the court must also determine that issuance of an injunction would not adversely affect the public interest. Commonwealth v. Mass. CRINC, 392, Mass. 79, 87-89 (1984).
The plaintiffs contend that the 1995 Program violates Massachusetts law regarding random drug testing as set forth in Guiney v. Police Commissioner of Boston, 411 Mass. 328 (1991). In Guiney, the Supreme Judicial Court held that the “unannounced, warrant-less, suspicionless, random urinalysis” of Boston police officers constituted an unreasonable search and seizure under Article 14 of the Massachusetts Declaration of Rights. Id. at 329-30. The Court based its decision on the ground that there was nothing in the record indicating that members of the Boston Police force had a problem with illicit drug use, on or off duty, and that there was no public perception of such a problem. Id. at 332-33. The Court stated that:
The reasonableness of mandated urinalysis cannot fairly be supported by unsubstantiated possibilities. If the government is to meet the requirements of art. 14, it must show at least a concrete, substantial government interest that will be well served by imposing random urinalysis on unconsenting citizens ... [T]he justification for body searches, if they ever can be done, cannot rest on some generalized sense that there is a drug problem in this country, in Boston, or in the Boston Police Department.
Guiney, supra at 332-33.
On its face, the 1995 Program contravenes the holding of Guiney, because the MBTA has presented no evidence that either the MBTA police patrol officers or sergeants have had any problems with illicit drug use, on or off duty. The MBTA contends, however, in essence, that Guiney is irrelevant because the Federal Act pre-empts Massachusetts law in this area. The MBTA has highlighted Section 6(e)(1) of the Federal Act which states,
No State or local government shall adopt or have in effect any law, rule, regulation, ordinance, standard, or order that is inconsistent with the regulations issued under this section . . .
P.L. 102-143, Title V, the Omnibus Transportation Employee Testing Act of 1991, §6(e)(l). The accompanying federal regulations are notably less explicit as to the issue of pre-emption.
Except as provided in paragraph (b) of this section, this part preempts any State or local law, rule, regulation, or order to the extent that:
(1) Compliance with both the State or local requirement and any other requirement in this part is not possible.
49 CFR §653.9.
Even assuming arguendo that the Federal Act and its accompanying regulations are unambiguous as to the issue of pre-emption, the FTA testing requirements are imposed as a prerequisite to the receipt of federal funds, rather than as “evidence of a congressional design to pre-empt the field.” Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 141 (1963). Without reaching or determining the merits of this controversy at this early stage, the court is not persuaded on the record before it that the MBTA, by voluntarily applying for and accepting Federal funds, can then eviscerate an employee’s state constitutional rights because Congress has attached a condition to those funds. Thus, the court concludes that the plaintiffs have demonstrated a likelihood of prevailing on their claim that the constitutional rights of MBTA patrol police officers and sergeants will be violated by the 1995 Program.
The plaintiffs assert that if the MBTA implements its 1995 Program, the MBTA police patrol officers and sergeants will suffer a loss of privacy and freedom from unreasonable searches and seizures, as noted by the Court in Guiney v. Police Commissioner of Boston, 411 Mass. 328 (1991). When an alleged deprivation of a constitutional right is involved, no further showing of irreparable injury is necessary. Wright & Miller, Federal Practice and Procedure §2948. Accordingly, the court concludes that the plaintiffs have sufficiently demonstrated that they will suffer immediate and irreparable harm if an injunction does not issue.
The MBTA asserts, however, that it will suffer immediate and irreparable harm if the injunction does issue, because it will then be ineligible for federal funds. First, the court cannot conclude as a matter of law that the potential financial consequences to the MBTA outweigh the plaintiffs’ interests in securing their constitutional rights. Moreover, it is not clear that the MBTA would indeed immediately lose the funding. On the contrary, the terms of the FTA’s policy were effective on January 1, 1995, the MBTA has not yet implemented the policy, and somehow it has still received the funds.
*535 The MBTA contends that the public interest will be harmed if the MBTA police patrol officers and sergeants are not deterred from and disciplined for engaging in abuse of drugs and use of alcohol in connection with their safety sensitive duties.[2] However, the public has an equal, if not greater, interest in ensuring that its state employees receive the full extent of protection guaranteed by the Massachusetts Declaration of Rights. Because the plaintiffs have made an initial showing that their constitutional rights may be violated by the 1995 Program, the MBTA is preliminarily enjoined from enforcing the 1995 Program against the MBTA police patrol officers and sergeants.[3]
ORDER
For the foregoing reasons, the Plaintiffs’ Motion for Preliminary Injunction is ALLOWED, and the defendants are hereby restrained and enjoined from enforcing the “MBTA Drug and Alcohol Policy and Testing Program, Revised, December 1994" against the MBTA Police Sergeants and the MBTA Police Patrol Officers until further order of the court.

 Although the 1995 Program was originally scheduled to commence on April 1,1995, the MBTA has agreed to postpone the commencement of the program until April 10, 1995, in order to permit the court sufficient time to review each parties’ voluminous submissions.

Again, the MBTA has not submitted any evidence which suggests that MBTA police patrol officers and sergeants have indeed had problems with drugs and alcohol.

Because the plaintiffs have made a preliminary showing that the 1995 Program is unconstitutional as applied to the MBTA police patrol officers and sergeants, the court does not reach or address the collecting bargaining issue raised under G.L.c. 161A, §19.